DANIEL WEBBER, Appellant, *v.* WINFIELD PIPER et al., Respondents.

Plaintiff was injured while using a circular saw in defendants' factory where he was employed. In an action to recover damages for the injury it appeared that the accident was caused by the dullness of the saw. Defendants had furnished duplicate saws so that when one needed to be sharpened and reset it could be replaced by the other. It was the duty of one M., also a servant of defendants, to change, sharpen and reset the saws when necessary. On the morning of the accident plaintiff notified M. that the saw he was using was dull and asked for another. M. replied that he had no time then to sharpen a saw and directed plaintiff to go on with his work. *Held,* that plaintiff was properly nonsuited; that no negligence on defendants' part was shown, that their duty was performed when they furnished suitable saws and the means and conveniences for keeping them sharp and properly set; that the dullness of the saw was not a defect in any legal sense, and the negligence, if any, was that of M., a fellow-servant.

*Kain* v. *Smith* (89 N. Y. 375) distinguished.

(Argued April 23, 1888; decided June 5, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 15, 1885, which affirmed a judgment in favor of defendants, entered upon an order dismissing the complaint on trial, and which denied a motion for a new trial. (Reported below, 38 Hun, 353.)

This action was brought to recover damages for injuries alleged to have been caused by defendants' negligence.

The material facts are stated in the opinion.

*James C. Church* for appellant. The evidence taken herein must be construed in its most favorable light to the plaintiff. (*Stackus* v. *N. Y. C. & H. R. R. R. Co.*, 79 N. Y. 464; *Fitzpatrick* v. *N. Y., N. H. & H. R. R. Co.*, 98 id. 649.) The risk was not one of those ordinarily appertaining or incident to the business, but was the result of a special exigency, which the plaintiff (relying on the representations of the master) had the right to assume, without being subjected to the imputation of negligence. (Wood on Mas. and Ser., §§ 326, 327, 378, 380; *Gibson* v. *Erie R. Co.*, 63 N. Y. 449; *De Forest* v. *Jewett*, 88 id. 264; *Sweeney* v. *B. & J. Envelope Co.*, 2 Cent. Rep. 457; 101 N. Y. 520; Wharton on Neg. §§ 16, 1009; Beach on Con. Neg. §§ 140, 372; *Hawley* v. *Northern R. Co.*, 82 N. Y. 372; *Patterson* v. *Pittsburg & C. R. R. Co.*, 76 Penn. St. 389, 393; *Counsel* v. *Hall*, 5 New Eng. 462; *Ind. & St. L. R. Co.* v. *Watson*, 12 West. Rep. 289.) The defendant is liable for the acts of the foreman Myers, whose acts were duties which the master owed to his servant, and were delegated to Myers. (2 Wharton on Neg. § 229; Thompson on Neg. § 33; Wood on Mas. & Ser. §§ 853, 859, 860, 436; Beach on Con. Neg. 334, §§ 112, 113; *Laning* v. *N. Y. C. R. R. Co.*, 49 N. Y. 532, 533; *Flike* v. *B. & A. R. R. Co.*, 53 id. 549; *Kain* v. *Smith*, 80 id. 469; 89 id. 375; *Corcoran* v. *Holbrooke*, 59 id. 517; *Fuller* v. *Jewett*, 80 id. 45; *Crispin* v. *Babbitt*, 81 id. 521; *Pantzar* v. *Tilly Foster M. Co.*, 99 id. 368; *Benzing* v. *Steinway*, 101 id. 552.) Defendants are liable for

furnishing unsuitable machinery, which was out of repair (of which fact they had knowledge), and inducing plaintiff to work thereon, under promise of speedy repair. (*Conboy* v. *Donaldson*, N. Y. Daily Reg., Jan. 26, 1884; *Kain* v. *Smith*, 80 N. Y. 468; *S. C.*, 89 id. 375; Wood on Mas. and Ser. §§ 329, 345; Thompson on Neg. 982, §§ 11, 984, sub. 4, 994; *Devine* v. *Tarrytown Gas Co.*, 22 Hun, 46; *Devlin* v. *Smith*, 89 N. Y. 470; *Green* v. *Banta*, 48 Supr. Ct. 157; *S. C.*, 97 N. Y. 627; *Chapman* v. *Erie R. Co.*, 55 id. 586.)

*Edward M. Shepard* for respondent. The master having furnished safe machinery, its management is necessarily committed to servants, and for their neglect, if competent ones are employed, he is not liable. (*Marvin* v. *Muller*, 25 Hun, 163, 166; *Cahill* v. *Hilton*, 106 N. Y. 512; *Hatt* v. *Nay*, 144 Mass. 186; *Gibson* v. *Erie R. Co.*, 63 N. Y. 449, 453; *De Forest* v. *Jewett*, 88 id., 264; *Marsh* v. *Chickering*, 101 id. 398; *Shaw* v. *Sheldon*, 103 id. 667; *Hawley* v. *Northern Cent. R. R. Co.*, 82 id. 370, 372; *Laning* v. *N. Y. C. R. R. Co.*, 49 id. 521, 534.) If there were coercion by Myers upon the plaintiff to use a saw which the latter knew to be dangerous, it was in no sense the coercion of the defendants. (*Loughlin* v. *New York*, 105 N. Y. 159; *Crispin* v. *Babbitt*, 81 id. 516; *McCosker* v. *L. I. R. R. Co.*, 84 id. 77; *Brick* v. *Rochester, etc., R. R. Co.*, 98 id. 211; *Neubauer* v. *R. R. Co.*, 101 id. 607; 4 N. E. Rep. 162; *Crispin Case*, 81 N. Y. 500; *Hart* v. *Dry Dock Co.*, 48 Sup. Ct. 460.)

FINCH, J. The plaintiff was injured while using a circular saw in the factory of the defendants, who were his employers, and gave evidence tending to establish that the accident was due to the dullness of the saw and the need of its being sharpened and reset. These saws became dull by use, and the defendants had furnished duplicates, so that one could replace the other, when there was need, without delay to the workmen. It seems to have been the duty of one Myers, who was also a servant of the defendants, to care for and repair the machinery and reset and sharpen the saws, when necessary, and the plaintiff

testified that, on the morning of the accident, he asked for another saw, because the one in use was dull, and Myers replied that he had no time then to sharpen a saw, and directed plaintiff to go on with his work, adding that at noon he would see what he could do. Before that time arrived the injury occurred. On this state of facts the plaintiff was non-suited, and that judgment has been affirmed by the General Term.

We are of opinion that the decision was correct, for the reason that the master's duty was performed when he furnished suitable saws and the means and conveniences for keeping them sharp and properly set. The saw, though dull, was not defective in any legal sense, and the negligence, if any, was that of Myers, whose duty in sharpening and setting the saws was that of a fellow-servant. A contrary rule might carry us to the extent of saying that where the master furnished sufficient and adequate machinery, but its running became dangerous to the operative unless well oiled, that the owner who had furnished the oil and cans and a suitable person to keep the journals and bearings properly oiled was liable for the neglect or omission of that servant. There are many matters of detail in the management of safe and adequate machinery, which must be entrusted to the operatives, and as to which the master owes no duty except the employment of competent workmen, and we deem this a case of that character. The line of division between the duty of the master to furnish and maintain safe and adequate machinery, and that of the operative to manage and handle it with prudence and care, is difficult to define by any general description, but is quite obvious when each case, as it arises, comes under consideration. In the one before us the neglect, if any, was in a detail of the management of the machinery. A master builder might furnish proper tools to his workmen, but it would not be his duty to sharpen every chisel as it became dull, or set every saw when that need arose. The appellant relies upon the case of *Kain* v. *Smith* (89 N. Y. 375). If, in that case, the master had furnished another jigger, perfect in all respects and safe and adequate for use,

and the neglect had been that the foreman used the old one which had become unsafe, when he might have used the new one, a very different case would have been presented. Here the master supplied saws enough and the means of sharpening and resetting, and if the servants neglected to avail themselves of the means of safety provided, the master was not in fault, for the saw was not defective but merely dull from use. Its ordinary efficiency was impaired, but it had not thereby become a defective or dangerous machine.

The master, on the facts before us, was not negligent or in default, and for that reason incurred no liability for the injury which happened.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.