*Edward B. Hill* for respondent.

Agree to affirm; no opinion.
All concur.
Judgment affirmed. _____

CHARLES WHITE, an Infant, by Guardian, Appellant, *v.*
WITTEMANN LITHOGRAPHIC COMPANY, Respondent.

In an action to recover damages for injuries received by an infant, who is *sui juris*, from coming in contact with machinery while in defendant's employ, proof that the employer omitted to instruct the employe as to using the machinery, does not impose liability upon the former, provided the latter knew by experience or observation the nature of the machinery and the danger to be apprehended from it.

The absence of the guards required to be placed upon all gearing and belting, in a factory in which women and children are employed (§ 11, chap. 462, Laws of 1887, amending chap. 409, Laws of 1886), imposes no liability upon the employer in a case where an infant employe, knowing of their absence, voluntarily meddles with the machinery and is injured.

Plaintiff, a boy thirteen years of age, was employed in defendant's manufactory. When in the discharge of his duty he was in a safe place, exposed to no danger. At the request of another employe he pulled out a lever on the side of a machine not in motion in order to start it, and as he did this with one hand, he placed the other in the coggs or wheels belonging to the machine and was injured. There were no guards or covering to the gearing; this plaintiff knew. *Held,* that an action to recover damages was not maintainable.

Reported below, 58 Hun, 381.

(Argued February 12, 1892; decided March 1, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 23, 1890, which affirmed a judgment in favor of defendant entered upon a verdict.

The following is the opinion in full:

"The plaintiff, an infant, while in the employment of the defendant, was injured by contact with machinery, and he brought this action to recover his damages, and the jury awarded a verdict against him.

"The plaintiff entered into the employment of the defendant in May, 1888, and was injured about three months thereafter.

His duty was to take the papers from the bottom of a big machine as they came through it, and in the discharge of that duty it is undisputed that he was in a perfectly safe place, exposed to no danger. On the day he was injured the machine was not in motion. Another employe was engaged in cleaning it, and requested him to pull out a lever on the side of the machine to start it, and as he did this with his right hand he placed his left hand in the coggs of wheels, and two of his fingers were thus crushed.

"The plaintiff testified that no one instructed him as to the nature of the machinery and the danger to be apprehended therefrom. On the contrary, the defendant gave evidence tending to show that he was fully instructed and warned as to the machinery, and that he was not engaged in his regular duty when he was injured, and was actually acting in violation of his previous instructions.

"The plaintiff's counsel now contends that the plaintiff was employed in violation of the act, chapter 409, of the Laws of 1886, as amended by the act, chapter 462, of the Laws of 1887, which act provides that 'no child under the age of thirteen years shall be employed in any manufacturing establishment within this state,' and that 'all gearing and belting shall be provided with proper safeguards.'

"No question was made upon the trial as to the intelligence and competency of the plaintiff, and it must be assumed that he was *sui juris*, as no claim was made that he was not.

"The only exceptions available to the plaintiff are those taken to the charge of the judge, and that we may appreciate them we will transcribe so much of the charge as is needful for that purpose. He said:

"'Now, in order to recover anything against defendants in a case of this kind, it must be shown that they were negligent — that is to say, that they failed to comply with some obligation which the law imposed upon them.

"'In this case it is suggested on behalf of the plaintiff that they were negligent in three respects. *First.* In employing so young a boy, he being under the age of fourteen at the time of the accident, there being a statute in this state which prohibits the employment in a manufacturing establishment of

boys under fourteen. I charge you that he cannot avail himself of any such condition as that, because he went there and sought this employment; possibly some one else might make that point available, his father might in a suit for loss of services, but the boy himself knowing he was under fourteen, and having gone there for such employment, cannot use that fact against the defendant.

"'Then, again, it is also claimed, or suggested at any rate, that the defendant failed in not guarding this machine in a particular manner described by the same statute to which I have referred. But that point is not available against the defendant under the evidence in this case, because the boy was aware of the absence of the guards, and he must be held to have assumed the risks of working on the machine without a guard. No recovery can be had in that view of the case, and it, therefore, comes down to this question: Were the defendants negligent in failing to give this boy proper instructions as to the danger of working at or about this machine?'

"He then charged the jury fully as to the duty of the employer to instruct such a boy as to the character of the machinery and the danger to be apprehended therefrom, and he submitted to them, with instructions which are not complained of, the evidence as to that matter. He charged them that if they found that the defendant did fully instruct the boy as to the machinery, or if he fully knew its character and danger at the time of the accident, their verdict should be in favor of the defendant; but that if he was not so instructed and was free from contributory negligence, their verdict should be for the plaintiff. Upon requests of defendant's counsel he further charged, as follows: 'If the jury find that the plaintiff knew he was doing what he had been commanded by defendant's foreman not to do, in approaching the machine wheels, the verdict must be for the defendant;' that 'if plaintiff failed to exercise ordinary care, even were he found authorized to start the machine, defendant is not liable;' that 'if the plaintiff be found of sufficient age and intelligence to understand fully the duties and dangers of his employment, the fact that he was a minor does not affect the liability of the defendant;' that 'if defendant's foreman gave such instruc-

tions as a reasonably prudent man would have given to a boy of the age and intelligence of the plaintiff, defendant is not liable;' that 'if the plaintiff from his own observation could have seen and appreciated the danger of approaching the machine, and was of sufficient age and intelligence to understand it, defendant is not liable;' that 'it is immaterial from what source plaintiff acquired knowledge of the character of the machine, if he did know and appreciate its character before the accident, defendant is not liable;' that 'if he actually knew at the time of the accident all that reasonable instructions of the defendant would have brought him, defendant is not liable;' that 'if plaintiff volunteered without instructions from one authorized to direct him to start the machine, the defendant is not liable.'

"To the general scope of all these very specific charges, the plaintiff's counsel assented by not excepting to them. He took but one exception to any of them, and that was, at the conclusion of all the charge, to a portion of the main charge as follows: 'I except to that portion of the charge where your honor states, if the boy was aware of the absence of the covering of the gearing, he cannot recover under the act.' In view of all the portions of the charge not excepted to, it is not clear what question of law the counsel meant to raise by this exception. It is not always true that the absence of guards about the machinery in such a case, provided the boy knew it, can have no bearing upon the liability of the employer. The boy might unintentionally, and without fault on his part, come in contact with the machinery, or accidentally fall or be thrown against it, and thus the absence of guards, which would have protected him, might constitute the negligence which would impose liability upon the employer. But here the boy not only knew that the guards were not there, but, according to his own evidence, they would have been of no service if they had been there, because, having intelligence enough to take care of himself and to understand and appreciate the machinery and the danger to be apprehended from it, he intentionally went to the place where he was injured and took hold of the lever with his right hand, knowing what the effect would be, and intending to produce that effect, and

then carelessly or thoughtlessly thrust his left hand into the wheels. It is impossible to perceive how any ordinary guards would have saved him from the injury. The absence of guards can impose no liability upon the employer, when the boy knowing of their absence voluntarily meddles with the machine; and so there was no error in this portion of the charge. If the plaintiff's counsel had wished that that portion of the charge should be limited or more fully explained, he should have called the attention of the judge to the matter by appropriate requests.

"The judge charged one request of defendants' counsel, which we have not yet transcribed, and that is as follows: 'If the plaintiff, while employed in the bronzing room, gained from his experience, or from any source, knowledge how to do his work with safety, defendants are not liable, even though they gave no instructions.' The judge said: 'I charge that.' Counsel for the defendant then said: 'Even if they gave no instructions?' The judge said: 'Yes,' and plaintiff's counsel then excepted. This exception does not involve the general scope of the charge, nor the theory upon which the judge submitted the case to the jury. The rule of law laid down is that the omission by the employer of instructions in such a case does not impose upon him liability, provided the boy knew by experience or observation the nature of the machine and the dangers to be apprehended therefrom. And so we held in *Hickey* v. *Taaffe* (105 N. Y. 26).

"There appears to have been upon the trial and in the briefs submitted to us a singular misapprehension as to the statutes regulating the age at which children may be employed in manufacturing establishments. It seems to have been assumed that they could not be so employed under the age of fourteen. The only statutes upon the subject in force at the time of the accident were those above cited, and they prohibited the employment of children in such establishments under the age of thirteen. It was not until the year 1889, by the act, chapter 560, that the limit of age was placed at fourteen. As the plaintiff was confessedly over thirteen years of age, his employment was not in violation of any statute as to his age.

"Our conclusion, therefore, is that the judgment should be affirmed, with costs."

*James C. Church* for appellant.

*Benjamin B. Kenyon* for respondent.

EARL, Ch. J. reads for affirmance.
All concur.
Judgment affirmed.

---

WILLIAM H. CROSSMAN et al., Respondents, *v.* THE UNIVERSAL RUBBER COMPANY, of New York, Appellant.

While, where the pendency of a former suit or proceeding is pleaded in abatement, if it is shown that the former action or proceeding has been withdrawn or discontinued, or if it is an action or proceeding *in rem.* that it has been finally disposed of without producing sufficient to pay the debt the plea fails, the evidence of the termination of the earlier action or proceeding must be in the form of some judicial declaration to that effect.

Reported on a former appeal, 127 N. Y. 34,

(Argued February 8, 1892; decided March 8, 1892.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made December 15, 1891, which affirmed a judgment in favor of plaintiffs, entered upon a verdict directed by the court and affirmed an order denying a motion for a new trial.

This was an action upon a promissory note given by defendant to plaintiffs upon the purchase of a quantity of goods.

The facts, so far as material, are set forth in the opinion, which is given in full:

"Upon a former appeal (127 N. Y. 34), it was held that there had not been such an election of inconsistent remedies as would bar this action, but that the pendency of the attachment proceedings instituted by plaintiffs in the Circuit Court of Hudson county, New Jersey, and of the suit in chancery in that state brought by them for the sequestration of defendant's property for the payment of its debts, were available as a plea in abatement, unless it could be shown that such pro-