ALBERT E. OGLEY, Respondent, v. WILLIAM E. MILES, et al., Appellants.

Plaintiff, a boy sixteen years of age, was operating a buzz saw as an employee in defendant's factory ; his hand came in contact with the saw and he was injured. In an action to recover damages, it appeared that plaintiff had only been engaged in this work in defendants' mill for two days; he, however, had had experience in other factories and knew the operations of the machine and fully understood its practical workings. *Held,* that a refusal to non-suit was error ; that the omission of defendants to give plaintiff oral information of the dangerous character of the buzz saw did not make them liable, as he was from his own knowledge and experience aware of this.

(Argued October 3, 1893 ; decided October 17, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made October 7, 1890, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

This action was brought to recover damages for injuries received by plaintiff through the alleged negligence of defendants.

The facts, so far as material, are stated in the opinion.

*Theodore Bacon* for appellant. No proof was given sufficient to establish a want of due care on the part of the defendants. (*Hickey* v. *Taaffe,* 105 N. Y. 26; *Buckley* v.

*G. P. M. Co.*, 113 id. 540; *White* v. *W. L. Co.*, 131 id. 631; *Ciriack* v. *M. W. Co.*, 146 Mass. 182; *Crowley* v. *P. Mills,* 148 id. 228; *Coullard* v. *T. Mills*, 151 id. 85; *Pratt* v. *Prouty*, 153 id. 333; *Tinkham* v. *Sawyer*, Id. 485; *Sweeney* v. *B. & J. E. Co.*, 101 N. Y. 520; *Webber* v. *Piper*, 109 id. 196; *Cregan* v. *Marston*, 126 id. 568; *Dobbins* v. *Brown*, 119 id. 188; *Bond* v. *Smith*, 113 id. 378; *Cordell* v. *N. Y. C. & H. R. R. R. Co.*, 75 id. 330; *Cahill* v. *Hilton*, 106 id. 512.) The plaintiff not only failed to establish his own exercise of due care, but he positively established his own gross negligence as the cause of his injury. (*Cullen* v. *R. Co.*, 114 N. Y. 45; *Hartwig* v. *B. S. S. & L. Co.*, 27 N. Y. S. R. 954; 118 N. Y. 664; *Bartow* v. *Kirk*, 157 Mass. 303.)

*Thomas Raines* for respondent. The motion for a non-suit at the close of the plaintiff's case, and for a direction of a verdict at the close of all the evidence, was properly denied. (*Maher* v. *C. P. R. R. Co.*, 67 N. Y. 55; *Green* v. *Fortier*, 80 id. 640.) It was a question for the jury whether the plaintiff was guilty of contributory negligence. (*Hickey* v. *Taaffe*, 105 N. Y. 26; *Byrne* v. *N. Y. C. & H. R. R. R. Co.*, 83 id. 620; *Finnerty* v. *Prentice*, 75 id. 615; *Haycroft* v. *L. S. & M. S. R. R. Co.*, 64 id. 630; *Coombs* v. *N. B. C. Co.*, 120 Mass. 585; *Sullivan* v. *I. M. Co.*, 113 id. 399; *U. P. R. R. Co.* v. *Fort*, 17 Wall. 553.)

*Per Curiam.* In this case we think the motion of the defendants for a non-suit should have been granted. At the time of the accident the plaintiff was nearly sixteen years of age. He was injured by a buzz saw which came in contact with his hand and cut off several of his fingers. He was engaged in sawing certain pieces of wood at defendants' sash and blind factory, by means of that saw, and had been at that particular work at that place for a couple of days only. The claim is that he was placed at this work by defendants without any information having been given him, and while he

was ignorant of the dangers to be apprehended from the machine, if not carefully and properly used.

It is unnecessary and would not be profitable to here recite the evidence in the case, but after a careful perusal of it, we think it appears without contradiction and from the plaintiff's own evidence, that he knew the operations of the machine; that he had had sufficient experience at other factories to enable him to, and that he did fully understand its practical working, and he knew that he had to be careful in regard to his hands coming in contact with the saw, for if they did, he knew they would be badly cut. He had operated buzz saws before he did this one; not for any length of time, but obviously and from his own testimony, long enough to know the nature of the machine and the dangers attending its use. He was thus in the same position as to knowledge that he would have been in had the defendants imparted to him oral information of the dangerous character of a buzz saw. Within the cases decided in this court, the plaintiff should have been non-suited. (*Hickey* v. *Taaffe*, 105 N. Y. 26; *Buckley* v. *The Gutta Percha & Rubber Manufacturing Co.*, 113 id. 540, and cases cited.)

There is nothing in the evidence as to the size of the plaintiff at the time of the accident, which we regard as material to the case.

We think he failed to make out a cause of action against defendants, and the judgment in his favor must, therefore, be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.