(6 Misc. Rep. 105.)

## QUINN v. FISH.

(Common Pleas of New York City and County, General Term. December 4, 1893.)

1. INJURIES TO EMPLOYE—DEFECTIVE APPLIANCES—SCIENTER.
   To fix a master with responsibility for injury to his servant from a defective implement, proof is indispensable that he had notice of the defect, or might have known it by the exercise of reasonable care.

2. SAME—NEGLIGENCE OF FELLOW SERVANT.
   Defendant provided a safe ladder for the use of his servants, but by insecure fastening in its place it fell and injured plaintiff. *Held*, that the insecure fastening was the negligence of a fellow servant, and that defendant is not liable for the injury.

(Syllabus by the Court.)

Appeal from trial term.

Action by Michael Quinn against John Fish to recover for personal injuries sustained while in defendant's employment. There was judgment dismissing the complaint, and plaintiff appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Larned, Warren & Knapp, (Ira Warren, of counsel,) for appellant. John E. Brodsky, for respondent.

PRYOR, J. In an action by a servant against a master for an injury in the course of the employment, the principle of liability is the personal fault of the master. Cahill v. Hilton, 106 N. Y. 512, 13 N. E. 339. The master is not an insurer of the sufficiency and safety of the implements and facilities furnished for the work, but is responsible only for negligence; i. e. omission of reasonable care in securing such sufficiency and safety. Painton v. Railway Co., 83 N. Y. 7. When injury occurs to an employe from a defect in the appliances of the work, knowledge of the defect must be brought home to the employer, or proof given that he omitted the exercise of proper care to discover it. Devlin v. Smith, 89 N. Y. 470. Neglect of the exercise of such care must be shown by direct evidence, or by proof of facts from which the inference of negligence can be legitimately drawn by the jury. The mere fact that an accident occurred which caused the injury, is not generally of itself sufficient to authorize an inference of negligence. Dobbins v. Brown, 119 N. Y. 188, 23 N. E. 537. A scintilla of evidence is sufficient proof of negligence, but the evidence must be such as reasonably to satisfy the mind of the jury. Dwight v. Insurance Co., 103 N. Y. 341, 359, 8 N. E. 654. While in the service of the defendant, the plaintiff sustained an injury from a defect in a ladder provided for his use. In a suit for damages his complaint was dismissed, and we are to determine whether his evidence was adequate to the support of the action. It is not pretended that the defendant had notice of the defect, but the contention is that by reasonable care he might have known it. The defect was not in the ladder itself, but in its insecure fastening, so that under plaintiff's weight it slipped out of place, and gave

way. Plaintiff insists—and on the motion to dismiss he is entitled to the concession—that the ladder with which he fell was the ladder which 10 minutes before the architect—not the defendant's agent—discovered to be in a dangerous condition. The existence for this brief period of an infirmity artificially caused by insufficient fastening is the only evidence adduced that reasonable care would have disclosed the defect to the defendant. Surely such care did not require of him to be constantly observant of the ladder; and an intermission of vigilance for 10 minutes cannot be imputed to him as actionable negligence. True, the architect apprised defendant of the condition of the ladder; but only as the plaintiff was falling,—"flying through the air." We discover in the evidence no proof of defendant's negligence. Not less conclusively, the cause of plaintiff's injury was the negligence of a fellow servant. In itself, we repeat, the ladder was sufficient for its purpose, and its insecure fastening was the defect that caused the plaintiff's injury. But to adjust the ladder in place for use was a detail in the execution of their work which it was the duty of plaintiff and his coservants to perform. Cregan v. Marston, 126 N. Y. 568, 572, 27 N. E. 952; Arnold v. President, etc., 125 N. Y. 15, 18, 25 N. E. 1064; Geoghegan v. Steamship Co., (Com. Pl. N. Y.) 22 N. Y. Supp. 749, where cases are collected. The result is that in dismissing the complaint the learned trial judge committed no error. Judgment affirmed, with costs. All concur.