(12 Misc. Rep. 214.)

### McCANN v. MATHISON et al.

(City Court of Brooklyn, General Term. April 22, 1895.)

MASTER AND SERVANT—INJURY TO MINOR—DANGEROUS MACHINERY.

Where a boy 14 years old is put to work at a buzz saw, and is shown how to operate it, and there is nothing concealed about the saw, the employer is not liable for injuries to the boy caused by allowing his hand to come in contact with the saw after working several hours with it.

Appeal from trial term.

Action by Thomas McCann, an infant, against James Mathison and Walter Mathison, for personal injuries. The complaint was dismissed, and plaintiff appeals. Affirmed.

Argued before CLEMENT, C. J., and OSBORNE, J.

H. B. Woods (H. D. Birdsall, of counsel), for appellant.
Jackson & Burr, for respondents.

CLEMENT, C. J. This case comes before us on an appeal from a judgment of nonsuit, and therefore there is no dispute as to the facts. The plaintiff, who was then 14 years of age, on August 2, 1893, at 7 o'clock in the morning, sought work at the cooperage factory of defendants, in this city. The foreman put him at work on a buzz saw. He was shown how to saw staves, which were 12 or 14 inches long, in two pieces, crosswise. Plaintiff, after working three or four hours, involuntarily allowed his left hand to come in contact with the saw, and as a result the thumb and two fingers were cut off. There was nothing concealed about the saw, and its rapid movement was open and apparent.

The case of Crown v. Orr, 140 N. Y. 450, 35 N. E. 648, is directly

in point in favor of the contention of defendants, except in that case the plaintiff was 19 years of age, and had worked around the planing machine on which he was injured for 3 weeks. In the case of Ogley v. Miles, 139 N. Y. 458, 34 N. E. 1059, the plaintiff was injured on a buzz saw. At the time he was 16 years of age, and had previously worked on a saw for some time. The court of appeals held that the case should have been dismissed. In Buckley v. Manufacturing Co., 113 N. Y. 540, 21 N. E. 717, the plaintiff was a boy of the age of only 12 years, and had worked two full days in the factory, and sustained an injury by a fall on a dangerous machine. The court there held that it is not negligence simply to employ a minor of the age of 12 years on a dangerous machine; also that, if the danger is open and apparent, the minor takes upon himself the usual risks, in the same manner as an adult. In White v. Lithographic Co., 131 N. Y. 631, 30 N. E. 236, the plaintiff was 13 years of age, and was injured in a factory after an employment of 3 months. Judge Earl there said (page 635, 131 N. Y., and page 236, 30 N. E.), "the rule of law laid down is that the omission by the employer of instructions in such a case does not impose upon him liability, provided the boy knew, by experience or observation, the nature of the machine, and the dangers to be apprehended therefrom, and so we held in Hickey v. Taaffe, 105 N. Y. 26, 12 N. E. 286." It is clear, as matter of fact, that a buzz saw is a dangerous machine, and that its dangers are open and apparent to an adult, and, under the authorities cited, to a minor. We hardly think that an opinion was necessary in this case, as the authorities in the court of appeals are very plain on the points involved, but have written our views out of respect to the learned counsel for the appellant. It follows that the judgment and order denying new trial must be affirmed, with costs.