(13 Misc. Rep. 53.)

### CONWAY v. NEW YORK CENT. & H. R. R. CO.

(Common Pleas of New York City and County, General Term.  June 3, 1895.)

MASTER AND SERVANT—NEGLIGENCE OF FELLOW SERVANT.

While plaintiff was employed by defendant in carrying goods over a gang plank which was secured at each end by ropes, one of the ropes broke, causing the injury complained of. It was the duty of defendant's foreman to see that the plank was properly secured, and defendant kept a supply of rope on hand for the use of the foreman and his men. *Held,* that the neglect of the foreman in not properly securing the plank was the neglect of a fellow servant.

Appeal from city court, general term.

Action by Michael F. Conway against the New York Central & Hudson River Railroad Company for personal injuries. From a judgment of the city court (32 N. Y. Supp. 921) affirming a judgment entered on a verdict in favor of plaintiff, defendant appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Ashbel Green and Herbert E. Kinney, for appellant.
William E. Morris, for respondent.

BOOKSTAVER, J.  The plaintiff was in the employ of the defendant as a freight handler.  On the day of the accident, as he was going to his work after the luncheon hour, the defendant's foreman called to him to assist some other workmen in transferring a cask of freight from the pier to a freight car which was in process of loading on a float alongside the pier.  The plaintiff had not been working with this particular gang, but the foreman had entire charge of the men, with power to transfer them from one gang to another, and direct the work they should do.  A plank 10 or 12 feet long and 4 or 5 feet wide extended from the pier to the car, and was fastened at each end by ropes—four in all—fastened in holes bored a few inches from each corner of the plank, and to the car and pier.  The cask was very heavy, and the end of the plank was not flush with the floor, so that it was not until the third effort that they were able to shove the truck bearing the cask upon the plank.  Each time it hit against the end of the plank the ropes were strained, and this, with the weight of the cask, caused one of them to give way.  The plaintiff was upon the plank, and it turned, one corner falling down.  He fell upon the plank, clinging to it, and the cask rolled against his leg and foot, causing the injury complained of. The defendant's foreman testified that it was his duty to see that the

planks were properly secured.  The defendant kept a supply of rope on hand for the use of the foreman and men for this purpose.  The rope which broke was "a jagged, old rope," according to plaintiff, and, while looking old and black, might have been strong and solid. There is testimony that if a board had been laid across the end of the plank, for the truck to run up upon, the rope would probably not have given way.  This supposition need not, however, enter into the decision of the issues in this case.  According to the testimony, as we have shown, it was the duty of defendant's foreman to see that the planks were properly secured.  The general rule of law is that if the act be one, the performance of which is incumbent on the master, the delegation of it to a servant does not discharge the master from liability for its negligent performance; but, if the act be one within the duty of a servant, its negligent performance is the negligence of a fellow servant, and the master is exempt from liability.  Cullen v. Norton, 126 N. Y. 1, 26 N. E. 905; McCosker v. Railroad Co., 84 N. Y. 77; Crispin v. Babbitt, 81 N. Y. 516; Geoghegan v. Steamship Co., 3 Misc. Rep. 224, 22 N. Y. Supp. 749.  It is the master's duty to keep an appliance in order, and he cannot delegate that duty so as to escape responsibility; but this general rule is qualified by the rule that it is not the master's duty to repair defects arising in the daily use of the appliance, for which proper and suitable materials are supplied, and which may easily be remedied by the workmen, and are not of a permanent character, or requiring the help of skilled mechanics.  Cregan v. Marston, 126 N. Y. 568, 27 N. E. 952; McGee v. Cordage Co., 139 Mass. 445, 1 N. E. 745; Johnson v. Tow-Boat Co., 135 Mass. 209; Webber v. Piper, 109 N. Y. 496, 17 N. E. 216.  There is no evidence before us as to how long the ropes attached to the planks had been in use, and we cannot presume that the defendant had notice of any defect in them.

Applying the rules above laid down to the case at bar, we find that the defendant furnished suitable and sufficient rope to be attached to the planks, and also boards suitable to be used at the ends of such planks, if thought advisable.  Having these appliances, it was the servant's duty to keep them in order for daily use.  If they became out of order in the course of such use, the servant was as capable as the master of seeing and correcting the defects.  The relation of master and servant is not determined by gradation of rank, or superiority in authority or position.  Wright v. Railroad Co., 25 N. Y. 562; Geoghegan v. Steamship Co., supra.  The master having, therefore, furnished proper appliances, and the necessary means of keeping them in order, the neglect to do so was the neglect of a fellow servant, and not of the defendant.  Cregan v. Marston, supra; Quinn v. Fish, 6 Misc. Rep. 105, 26 N. Y. Supp. 10; Loughlin v. State, 105 N. Y. 159, 11 N. E. 371; Connolly v. Maurer, 6 Misc. Rep. 98, 26 N. Y. Supp. 18.

We also think that the learned judge erred in excluding evidence on the trial as to whether or not the defects might easily have been remedied by the employés, by obtaining other rope, or by protecting the plank at both ends, to prevent it slipping.  The case of Cregan v. Marston, supra, is very nearly in point, and we base our decision

upon the rules there laid down. The case of Rettig v. Transportation Co., 6 Misc. Rep. 328, 26 N. Y. Supp. 896, cannot avail the respondent, for the defects there were not discoverable, except by a close inspection, and it was shown that the master had notice of these defects, and the servant had not. The judgment must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.