(14 Misc. Rep. 466.)

## MURRAY v. CRIMMINS.

(City Court of New York, General Term. November 23, 1895.)

1. MASTER AND SERVANT—LIABILITY OF MASTER FOR INJURY TO SERVANT.
    A contractor who has employed a competent foreman and assistant foreman, and has furnished the proper and usual appliances for performance of the work, is not liable to a servant for injuries resulting from the method adopted by such foreman and assistant foreman for doing the work.

2. SAME—FELLOW SERVANT.
    An assistant foreman, directing and assisting in laying rails on a cable road, and the workmen under his charge are fellow servants.

3. SAME—RANK OF FELLOW SERVANT.
    The fact that a servant whose negligence causes injuries to a fellow servant is of a superior rank to such fellow servant does not render the master liable for such injuries.

Appeal from trial term.

Action by John Murray against Thomas E. Crimmins. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before FITZSIMONS and McCARTHY, JJ.

Charles C. Nadal, for appellant.

William E. Morris, for respondent.

McCARTHY, J. An examination of the evidence, and an application of the law, as we understand it, to the same, seems to be against the plaintiff. We do not make the law, nor are we responsible for its effects, but must declare and observe it, no matter how much we disagree with its wisdom or equity. We think that, within recent years, and not without great reasoning, the law in regard to master and servant and fellow servant has been given a very broad interpretation; the result being to practically deprive a poor workingman, who, in advance, has no knowledge of his position, of any real remedy at law. This can be altered only by legislation. The plaintiff was the only witness in his own behalf, and there were a number for defendant. The plaintiff, among other things, said:

"Q. How did you pull the rail? A. When he gave the order to pull this rail, I had hold of it with my two hands, and I had one foot along here [illustrating], and my left foot here [illustrating], and I tried to lift the rail up, and when the men pulled the rail, they knocked the yoke down, and it struck me upon the left leg. Q. The force of the men pulling the rail knocked the yoke down? A. The yoke was too high. They were not all even upon the concrete. That was the cause of it. It was the fault of the men pulling the rail that knocked the yoke down, but it would not have fallen if it were even upon the concrete, and properly fastened. I could not say whether the other men tried to lift it at the same time. We all got orders to pull it. Q. What would have been the effect if you had all lifted that rail together? A. If we had all lifted it together and put it in nicely, then these yokes would not have fallen, because then we would put the bolts in. Q. Then, instead of lifting that rail, these men pulled it along? A. Mr. Ryan was one of the men who was actually doing the work with us. I don't know whether Mr. Ryan had hold of the rail at the time."

The plaintiff had been working at cable construction for two years, although not actually engaged in laying rails upon yokes, had observed the way in which they were placed standing, and was there when they put these yokes in. The following other facts were proved by substantially uncontroverted testimony, viz.: One Thomas F. Deegan was the iron foreman over this special work, and William Ryan was an assistant foreman, in charge at the point of the accident. Both possessed great experience in this kind of work. Deegan had given directions to Ryan in regard to this particular work, but did not tell whether the rails could be pulled or lifted, but left it to the experience and judgment of Ryan. This was one of the details of the work, the performance of which was a part of the servant's duty. It was also testified that the way in which these yokes and rails were managed at the time was the usual and ordinary way, and that proper material and appliances were used, and the complaint here is that the yokes were not secured and fastened before the plaintiff or his colaborers placed the running rail on them.

The questions here to be determined are: Was the negligence of William Ryan, the assistant foreman, the negligence of the defendant? and was the plaintiff guilty of contributory negligence? Thus, when the defendant provided a competent foreman and assistant foreman, and the proper and usual appliances, he performed all that the law required of him; and, the manner of doing the work having been intrusted to the foreman and assistant foreman, they were in that respect fellow servants with the plaintiff, and if they were, or any of them were, negligent in conducting the progress of the work, and such negligence was the cause of the plaintiff's injury, it was the negligence of a fellow servant, for which the defendant, in the absence of personal participation, is not liable.

The superior rank of a fellow servant, in such a case, who is guilty of negligence, is no answer. In support of our contention, we must refer to the able and conclusive opinion of Pryor, J., in Connolly v. Maurer, 6 Misc. Rep. 98, 26 N. Y. Supp. 18, and cases cited. See, also, opinion of McAdam, J., in Walsh v. Laundry Co. (Super. Ct.) 31 N. Y. Supp. 833, 834. See Conway v. Railroad Co., 13 Misc. Rep. 53, 34 N. Y. Supp. 113.

There being no evidence of personal negligence imputable to the defendant, we think the learned justice erred in declining to dismiss the complaint at the close of the case, and, therefore, judgment must be reversed and a new trial granted, with costs to the appellant to abide the event.