## VILAS v. VANDERBILT.

(Supreme Court, Trial Term, New York County. March 1, 1897.)

McADAM, J. A buzz saw is an indispensable machine, but nevertheless an open menace to all who approach it without care, particularly while it is in operation. The fact is so obvious and well known as to have become common knowledge to an extent that is proverbial, and it is not negligence to omit to warn a person of ordinary intelligence concerning the danger when it is at once apparent on mere casual observation. In McCann v. Mathison, 12 Misc. Rep. 214, 33 N. Y. Supp. 263, it was held that omission to instruct a minor employé of the age of 14 as to the danger of working a buzz saw will not render the employer liable for an injury to such employé, caused by his hand coming in contact with the saw, as the danger is open and apparent, and therefore one assumed by the employé. The plaintiff here is a full-grown man, and certainly needed no warning. In Crown v. Orr, 140 N. Y., at page 455, 35 N. E. 649, the court approved of these instructions: "There are some dangers * * * of which a person need not be informed. Where there is a knife or a saw, the danger is palpable to any one who is employed to work that if he gets before that knife or saw he will be cut or hurt. * * * Against apparent danger a master need not warn a servant. * * * He [plaintiff] knew that if his fingers got within the range of those knives the same power that caused those knives to revolve and cut off with great rapidity the coating of these boards and make them smooth would injure his fingers. Instruction was not necessary to impart that information." The court, in Cmielewski v. Refining Co., 11 App. Div., at page 113, 42 N. Y. Supp. 936, said: "There was no necessity for the defendant to warn him [plaintiff] that if he stepped upon the grating his foot and leg would probably go through, as this was evident to the most cursory inspection." In Berger v. Railroad Co. (Minn.) 38 N. W. 814, the plaintiff, an employé, had his fingers crushed while working a roller. The court below awarded him a verdict, but the appellate court reversed the judgment, saying: "This danger was open to the senses, as apparent as the danger to one who should lie down on a railroad track in front of an approaching locomotive. No one of the commonest capacity could see the machine work, and see what it would do, * * * without fully appreciating the danger." Indeed, the general rule is that an employer is not responsible for what have been aptly termed "seen dangers,"— those which presently threaten and are known to the employé, and which he is bound to realize; in other words, those which are the subject of common knowledge, or can be readily seen by common observation, and respecting which the servant is presumably informed as fully as the master. See Koehler v. Manufacturing Co., 12 App. Div. 50, 42 N. Y. Supp. 182, 1105. One who undertakes to do work on a dangerous machine assumes the ordinary dangers attending its use, and the master is liable only for some latent defects which he knew or ought to have known existed, and respecting which the servant was uninformed. Schliermann v. Typewriter Co., 11 Misc. Rep. 547, 32 N. Y. Supp. 748; Sweeney v. Envelope Co., 101 N. Y. 520, 5 N. E. 358; Buckley v. Manufacturing Co., 113 N. Y. 540, 21 N. E. 717; Garety v. King, 9 App. Div. 443, 41 N. Y. Supp. 633; Ogley v. Miles, 139 N. Y. 458, 34 N. E. 1059; Knisley v. Pratt, 148 N. Y. 372, 42 N. E. 986; Schulz v. Rohe, 149 N. Y. 132, 43 N. E. 420. It was conceded that there was no defect in the construction or condition of the machine, and the misfortune which befell the plaintiff was clearly one of the risks assumed by him. Hickey v. Taaffe, 105 N. Y., at page 36, 12 N. E. 286. There was nothing from which any breach of duty or negligence on the part of the defendant could be inferred. In Webber v. Piper, 109 N. Y. 496, 17 N. E. 216, it was claimed that the accident was caused by the dullness of the saw, and the court held that the master's duty was performed when he furnished suitable saws, and the means and conveniences for keeping them sharp and properly set; that such dullness was not a defect in a legal sense, but a neglect attributable to a fellow servant; and the nonsuit was affirmed.

The complaint was properly dismissed, and the motion for a new trial must be denied. Sixty days to make a case, and 60 days' stay of execution after service of notice of entry of judgment.