## PRESCOTT v. J. OTTMANN LITHOGRAPHING CO.

(Supreme Court, Appellate Division, First Department. August 4, 1897.)

MASTER AND SERVANT—NEGLIGENCE—DANGEROUS MACHINERY—EVIDENCE.
    Where defendant introduced no evidence, and plaintiff's evidence tended to show that the machine at which she was working at the time of the accident required oiling twice a day in order to be safely operated, that it had been oiled but three times in two weeks, and that the accident was due to that fact, a motion to dismiss the complaint was properly

denied, there being no proof that any employé was charged with the duty of oiling the machine.

Appeal from trial term, New York county.

Action by Annie M. Prescott, an infant, by Maria Prescott, her guardian ad litem, against the J. Ottmann Lithographing Company, to recover for personal injuries. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and PARKER, JJ.

W. A. Jones, Jr., for appellant.
H. T. Brennan, for respondent.

PATTERSON, J.    There were no exceptions taken on the trial of this cause to the charge of the judge, nor to his rulings upon the admission or rejection of evidence; nor was any testimony introduced by the defendant, who relied alone upon the motion to dismiss the complaint at the close of the plaintiff's case. That motion was properly denied. The judge properly submitted the case to the jury, for they were, at all events, to pass upon the credibility of the plaintiff and the subject of the amount of damages. The plaintiff had failed to show any defect in the construction of the machine at which she was working when the accident happened, but there was testimony tending to show that at that time the machine was not in a safe condition for use by an operator. The claim on the part of the plaintiff was that, for the want of proper oiling, it had become unsafe. She had been working on the machine only two weeks, and, according to her story, she had used it in the precise manner in which she was instructed to use it by Mr. Myers, by whom she was employed for the defendant. The only question of fact really arising in the case was with reference to oiling the machine. The designer and inventor of this very machine was put on the stand as a witness for the plaintiff, and he testified that the machine required oiling twice every day, running at the speed they had to attain in lithographing and paper cutting, which was the use to which this machine was applied. He also testified that that was a well-known fact among machinists and people familiar with machines. If the machine is not oiled properly, the bearing of the fly wheel that revolves on the shaft is liable to get hot. "The clutch will break or throw out, and will allow the press to keep going right on around, without any effect of the treadle at all." "The clutch is to allow the press to make one operation by pressing your foot." That was precisely the situation at the time of the occurrence which resulted in the injuries to the plaintiff's hand, viz. the die, instead of stopping when the plaintiff's foot was removed from the treadle, kept plunging, and cut off parts of her fingers before she could withdraw them. It appeared by the testimony of the plaintiff, which is entirely uncontradicted, that, during the two weeks that she was employed upon the machine, it was oiled but three times. The point on behalf of the appellant is that, assuming the plaintiff's testimony to be true, as the jury have found it to be, then it is apparent that

the unsafe condition of the machine was the result of negligence on the part of some fellow servant of the plaintiff. But the difficulty with the proposition of the appellant in that regard is that there is not a particle of proof to show that the defendant ever devolved upon any one the duty of oiling that machine in the way required to make it safe, or, indeed, to oil it at all. No one was charged with that duty, no servant was employed or instructed to do it, so far as the proof discloses. On one of the three occasions when it was oiled, the machine was making a noise, and Mr. Myers, the superintendent, sent for an oil can, and had it oiled. On the other two occasions it seems that a machinist came and oiled it. There is therefore absent from the case any evidence to show that the master gave directions or took any means to provide for the proper and safe running of the machinery, and in that respect the case differs from those cited by counsel for the appellant, in which nonsuits have been granted in actions of this character. Where a defendant has furnished means and conveniences for keeping machinery in proper condition for safe operation, and employed some one whose duty it was to use those means and appliances, the neglect to use them is not chargeable to the master. But in all those cases, of which Webber v. Piper, 109 N. Y. 496, 17 N. E. 216, is a fair example, all that was required of the master had been done by him.

The ruling of the court below in refusing to dismiss the complaint was right. We are unable to say, under all the circumstances of the case, that the verdict was excessive, and therefore the judgment and order appealed from must be affirmed, with costs. All concur.