be straining the principles of construction to declare incurable by amendment such an obvious and immaterial oversight. The other objections urged being frivolous, the order must be affirmed.

Order affirmed, with costs to the respondent. All concur.

BALLENG v. NEW YORK & C. M. S. S. CO.

(Supreme Court, Appellate Term.   June 28, 1899.)

1. SHIPPING—MASTER AND SERVANT—NEGLIGENCE.
    Where a ladder is used by a coal passer in a steamship to descend into the bunker, the shipowner is not bound to see that the ladder is properly fastened to the side of the bunker, so that it will not fall when the vessel pitches or rolls or when the coal in the bunker slides and sinks.

2. SAME—ASSUMPTION OF RISK.
    The risk of the ladder's falling from such causes is assumed by the coal passer.

3. SAME—FELLOW SERVANTS.
    An employé whose duty it is to fasten the ladder is a fellow servant of the coal passer.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Carl Balleng against the New York & Cuba Mail Steamship Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Edward P. Mowton, for appellant.

Meyer Greenberg, for respondent.

LEVENTRITT, J.   This action sounds in negligence.   The plaintiff was a fireman and coal passer in the defendant's employ, and for five months prior to the injury of which he complains was assigned for duty to its steamship Seneca.   One night in February, 1899, while the ship was at sea, his hours in the coal bunker were those of the middle watch, relieving one Peter Hagan, who had the night watch. Before beginning work, he went into the fire room, secured a lantern, and then, mounting to the between-decks, he climbed through a manhole in the deck, and descended into the bunker by means of a ladder. Standing within four feet of the bottom of the ladder, he began shoveling coal down a chute that led into the fire room.   After he had been working for two or three minutes the ladder fell, struck him on the head, and inflicted the injuries for which recovery is sought.

It appears that access to the bunker could also be gained by means of a door leading from the engine room, but that on the night in question this entrance was, as frequently, obstructed by coal piled against it, and that there was in the bunker just sufficient room to enable plaintiff to perform his work.   The ladder is described by him as portable, made of iron, 8 feet long, and 18 inches wide, with side pieces hooked at the top.   The plaintiff states that the ladder was used only when the door was unavailable, and that, after the body of the coal

had been diminished by the labors of one or two watches, it was removed; but he asserts that he was under the impression on this occasion that it was securely fastened to the wall of the bunker by means of the hooked ends. It is not claimed that there was any defect in the ladder, or that it was unsuited for the purpose for which it was intended. It is apparent that the plaintiff was familiar with the conditions surrounding its use, for during his term of service on the vessel he frequently availed himself of it in entering the bunker. He had, moreover, spent 10 years of his life aboard ship as a coal passer. Although he testifies that it was not his business to adjust the ladder, Peter Hagan, whose time of duty immediately preceded his, flatly contradicts him.

Upon the foregoing state of facts the plaintiff recovered a judgment. This cannot be sustained, as the defendant should have prevailed, and its motion to dismiss the complaint should have been granted. It is difficult to conceive how negligence can be imputed to the master. He had furnished a safe appliance, adapted to the end designed. The plaintiff met with the accident through the improper use of a proper ladder. The consequences of an insecure fastening, if that condition be conceded, cannot be visited on the defendant. No duty rested on him to superintend the adjustment or inspect the fastening of the ladder each time the quantity of the coal in the bunker necessitated its use. That was a detail of the work devolving on those whose employment called them into the bunker. If the fall of the ladder was occasioned by the pitching or rolling of the ship, or by the sliding and sinking of the coal, that was a risk of the employment assumed by the plaintiff; and if the maladjustment was due to the carelessness of a coal passer in the preceding watch, or to that of an employé whose particular duty it was to fasten the ladder, that was the negligence of a fellow servant, for which an action would not lie against the master. A number of cases have arisen in this state in which negligence was predicated on the insecure fastening of ladders, and the master has been exonerated from liability on the principles here enunciated. Donnelly v. Brown, 43 Hun, 470; Marsh v. Chickering, 101 N. Y. 396, 5 N. E. 56; Quinn v. Fish (Com. Pl.) 26 N. Y. Supp. 10. The judgment is without foundation in law, and must be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.