EDWARD ARNOLD, Appellant, v. THE PRESIDENT, MANAGERS AND COMPANY OF THE DELAWARE AND HUDSON CANAL COMPANY, Respondent.

In an action to recover for injuries to plaintiff alleged to have been caused by defendant's negligence, these facts appeared: Plaintiff was a brakeman employed in defendant's yard at S.; there were inspectors whose duty it was, on the arrival of every train in the yard, to examine each car, and if any injury or defect was discovered, to remove the car from the train and place it upon a track known as the "cripple track" for repairs, and in this work plaintiff was employed. In attempting to couple two cars, one of which had a broken draw-head, in order that the latter might be placed on said track, plaintiff was injured. The defect might easily have been·seen. *Held*, that the action was not maintainable; that plaintiff took the necessary risk of his employment, one of the purposes of which was to handle and remove disabled cars; that, under the circumstances, he had no right to assume that the couplings were perfect; if he did not know the condition of the one which caused the injury, he was bound to assume that it might be disabled and govern his action accordingly, and so was chargeable with negligence.

*Goodrich* v. *N. Y. C. & H. R. R. R. Co.* (116 N. Y. 398), distinguished.

Also *held*, that a neglect to chain or prop up the defective draw-head as was the rule and custom of the business in the yard, if not chargeable in some degree to plaintiff himself, was at least a neglect of his co-servants and not a failure of duty on the part of the master.

(Argued October 27, 1890; decided December 2, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made at the May term, 1888, which affirmed a judgment in favor of defendant entered upon an order nonsuiting plaintiff on trial.

This action was brought by plaintiff, a brakeman in the employ of defendant in its yard at Schenectady, to recover damages for the loss of an arm, alleged to have been caused by the negligence of defendant.

The facts, so far as material, are stated in the opinion.

*J. H. Clute* for appellant. The question of contributory negligence is generally one for the jury. (*Stackus* v. *N. Y.*

*C. & H. R. R. R. Co.*, 79 ·N. Y. 464 ; *Salter* v. *U. & B. R. R. R. Co.*, 88 id. 42 ; *Kain* v. *Smith*, 89 id. 375 ; *Bucher* v. *N. Y. C. & H. R. R. R. Co.*, 98 id. 128 ; *Fitzpatrick* v. *N. Y. C. & H. R. R. R. Co.*, 21 Wkly. Dig. 169 ; *Ryan's Case*, 37 Hun, 180 ; *Hart* v. *H. R. B. Co.*, 80 N. Y. 622.) With all the evidence of the plaintiff and the model showing such unusual dead-woods, which made it so difficult to couple, and that it could only be done from above, the judge ought to have submitted the question of contributory negligence to the jury, as requested by the plaintiff. (*Goodrich* v. *N. Y. C. & H. R. R. R. Co.*, 116 N. Y. 404.)

*Edwin Young* for respondent. The duty of the master to furnish safe, suitable and sound tools, machinery and appliances for the use of the servant in the performance of the work of the master, and to keep them in repair, is not an absolute one, and is satisfied by the exercise of reasonable care and prudence on the part of the master in the manufacture, selection and repair of such appliances. (*Probst* v. *Delemater*, 100 N. Y. 272 ; *Stringham* v. *Hilton*, 111 id. 188 ; *Burke* v. *Witherbee*, 98 id. 562 ; *DeGraff* v. *R. R. Co.*, 76 id. 131 ; *Painter* v. *R. R. Co.*, 83 id. 7 ; *Jones* v. *R. R. Co.*, 14 Wkly. Dig. 7 ; *Slater* v. *Jewett*, 85 N. Y. 61 ; *Heckey* v. *Taafe*, 105 id. 26 ; *Devlin* v. *Smith*, 89 id. 470 ; 8 id. 175 ; 83 id. 7 ; 25 id. 566 ; 39 id. 468, 478 ; 34 Alb. L. J. 415.) The plaintiff was clearly guilty of contributory negligence. (*Young* v. *R. R. Co.*, 107 N. Y. 500 ; 3 Wood on Railway Law, 1461 ; *A., etc., R. R. Co.* v. *Plunkett*, 25 Ran. 288 ; *Cahill* v. *Hilton*, 106 N. Y. 518 ; *Marsh* v. *Chickering*, 101 id. 396 ; 88 id. 264 ; 63 id. 449 ; 60 id. 607 ; 101 id. 396.) This case is clearly distinguishable from the case of *Goodrich* v. *N. Y. C. & H. R. R. R. Co.* (116 N. Y. 398). (*DeGraff* v. *R. R. Co.*, 76 id. 131 ; *Byrnes* v. *R. R. Co.*, 113 id. 251 ; *Hussey* v. *Sager*, 112 id. 614 ; *Hudson* v. *O. S. S. Co.*, 110 id. 625 ; *Probst* v. *Delemater*, 100 id. 272.) Both branches of the case, the negligence of the defendant and absence of contributory negligence of plaintiff, are reviewable here. (*Marvin* v. *U. L. I. Co.*, 85 N.

Y. 284; *Scott* v. *Pillington*, 15 Abb. Pr. 280; *Arnot* v. *E. R. Co.*, 67 N. Y. 315; *Christensen* v. *Colby*, 43 Hun, 362; *Gillespie* v. *Torrence*, 7 Abb. Pr. 462; 25 N. Y. 306; *Deland* v. *Richardson*, 4 Den. 95.)

FINCH, J.   There was no evidence that the defendant company failed in the performance of any duty which it owed to servants.   The plaintiff was injured in attempting to couple two cars in the Schenectady yard, one of which had a broken draw-head, and the negligence averred is the presence of that defect.   But it is no ground of liability of the company that the draw-head was broken and the cars could not be coupled in the ordinary way, for the duty of the plaintiff was to handle defective as well as uninjured cars, and aid in taking the former out of the trains and placing them upon the tracks where they could be repaired.   (*McCosker* v. *Long Island R. R. Co.*, 84 N. Y. 79.)   He took the necessary risks of his employment.   On the arrival of every train in the yard there were two inspectors, whose duty it was to examine the cars and detect any injury or defect, and the rule of the company required such cars to be taken out of the train and placed upon the cripple track for repairs.   The plaintiff was one of the servants employed in that work.   The coupling was directed to be done in order that the disabled car might be set aside for repairs.   Whether the plaintiff knew that fact or not is immaterial.   The defect was obvious and might easily have been seen, and the plaintiff had no right to assume that the couplings were perfect.   One of the purposes of his employment was to handle and remove cars which were disabled, and if he did not know the condition of the one in question he was bound to assume that it might be disabled, and govern his action accordingly.   It is in that respect that this case differs essentially from *Goodrich* v. *N. Y. C. & H. R. R. R. Co.* (116 N. Y. 398), recently decided by the second division of this court and pressed upon us as a precedent.   In that case the cars were being coupled for the purpose of proceeding on their journey.   The plaintiff was required in the night-time, and with the aid of a lantern, to

make the coupling, and found a broken draw-head, in seeking to use which his arm was crushed between the dead-woods. The case was so close upon its facts that the reversal was by a bare majority of the court, but it stands upon the distinct ground, not at all applicable to the present case, that the master had failed in his duty of inspection and repair, and the servant had a right to assume that the cars were perfect, and act on that assumption. Precisely the contrary is the fact here. There had been inspection, the coupling was for the purpose of repairs, and the servant had no right to assume that the cars were perfect and act on that assumption. The rule and custom of the business in the yard was to chain up or prop up a defective draw-head, which had fallen below its proper level, in order to make the couplings meet. That was a detail of the servants' work in the yard and not the master's duty to the servants. The neglect of that precaution, if not chargeable in some degree to the plaintiff himself, was, at least, the neglect of his co-servants, and not a failure of duty on the part of the master. The case was, therefore, correctly decided.

The judgment should be affirmed, with costs.

All concur, except PECKHAM, J., not sitting.

Judgment affirmed.