KATE HOGAN, as Administratrix, etc., Respondent, *v.* ALLAN C. SMITH *et al.*, Appellants.

*Court of Appeals, February* 24, 1891.

Reversing 56 Hun, 649, Mem.

1. *Master and servant. Negligence.*—Where an accident happened, not from an inadequate supply or any defect in the materials, but from the negligent manner in which the workmen used them, the master is not liable.
2. *Same.*—If the deceased commenced his labor after the structure had been built and without knowledge of the defect and the consequent possibility of danger, it simply relieved him from the charge of contributory negligence, but did not alter the relation of the master to the servants and their work.

Appeal from a judgment of the general term of the supreme court, affirming a judgment entered upon a verdict.

*Esek Cowen*, for appellants.

*S. Greenbaum* and *Daniel P. Hays*, for respondent.

FINCH, J.—The plaintiff's intestate was a longshoreman engaged with others in loading a vessel with flour. In the square of the hatch and above the hold workmen had laid plank and built upon it with bags of flour what is called a "stool," upon which flour men stood and received the flour lowered to them in slings and then delivered it to other men who stowed it away. It was customary for the longshoremen to extend the planks upon which the "stool" was

·constructed to some distance outside of it, but that precaution had been omitted, and the deceased was struck by one of the descending loads and killed by falling into the hold. If the plank had been laid in the usual manner his life would have been saved. The negligence, therefore, upon which the judgment rests is the omission to lay the exterior plank, and the question discussed is to whom that duty partained and whose negligence caused the injury. It has been charged upon the master for reason that it is his duty to furnish to his servants a reasonably safe place in which to do their work. But the place which the master furnished was the strip itself, constructed in the usual way, and which became unsafe, not by reason of any careless or negligent plan or manner of construction, as to which no criticism is made, but solely from the way in which the longshoremen did their work. They built the stool and laid the plank for their own convenience in doing the work for which they were hired, and it was not the master's duty to do either. If he was bound to furnish the necessary means and material, there is no suggestion even of a failure in that respect. The injury happened, not from an inadequate supply of boards or any defect in those supplied, but in the negligent manner in which the ' workmen used them. The evidence shows that it was their duty and their privilege, in the place furnished by the master and with the material supplied by him, to do the work in their own customary way ; that it was for them to lay the plank and build the " stool " and do what was necessary to accomplish the loading with safety and convenience. Bags for the " stool " and plank for the beams were supplied in abundance, and it was not the master's duty to lay the platform or build the " stool," but those duties were matters of detail in the performance of the servant's work. If it be true that the deceased commenced his labor after the " stool " had been built and without knowledge of the omitted plank and the consequent possibility of danger,

that simply tends to free him from the charge of contributory negligence, but does not alter the relation of the master to the servants and their work. The neglect was a continuing one. It became such as to Hogan when he began his work, and at that moment the duty to close the opening by laying additional plank was that of the servants and not of the master. No negligence on the part of the latter was shown.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur, except Ruger, Ch. J., not voting.