(6 Misc. Rep. 98.)

## CONNOLLY v. MAURER et al.

(Common Pleas of New York City and County, General Term. December 4, 1893.)

MASTER AND SERVANT—FELLOW SERVANTS—WHAT ARE.

    The foreman of a gang engaged in constructing arches for a building ordered plaintiff to go on an arch from which the support had recently been removed. The arch gave way under plaintiff's weight, and he was injured. *Held* that, as to such act, the foreman was the fellow servant of plaintiff. Loughlin v. State, 11 N. E. 371, 105 N. Y. 159, followed.

Appeal from trial term.

Action by James Connolly against Henry Maurer and another to recover for personal injuries sustained through defendants' alleged negligence. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Wilson & Wallis, (Hamilton Wallis, of counsel,) for appellants.

McAdam & McAdam, (Samuel Cohn, of counsel,) for respondent.

PRYOR, J. In one aspect of the charge, the learned trial judge appeared to put the case to the jury on the theory of an employer's obligation to furnish a safe place for his workmen. But this principle of a master's liability for an injury to his servant is inapplicable, upon the evidence. The defendants, as contractors, were

engaged in the erection of a building, and they employed the plaintiff in the process of construction. Of such work, under such conditions, insecurity in the performance is a necessary incident, and of that insecurity the employe assumes the hazard. "The deceased was employed to handle and move to the repair shops damaged and disabled cars, and took the risk of his employment, in that respect." McCosker v. Railroad Co., 84 N. Y. 77, 82; Brick v. Railroad Co., 98 N. Y. 211, 215; Arnold v. Canal Co., 125 N. Y. 15, 25 N. E. 1064.

The arch which fell with the plaintiff was too recently built for the cement to set, and, under the pressure of his weight, it gave way, and threw him to the ground. The cause of the plaintiff's injury was his standing on the arch in its condition of incompleteness and instability. Who was responsible for the act that occasioned the plaintiff's fall? He got upon the arch in ignorance of its insecurity, and in obedience to the command of the foreman, to whose orders he was subject. His fall, therefore, was in no way the effect of his own negligence, but was the consequence of the misconduct of the foreman, in urging him into a situation of which the danger was known to the foreman. Indeed, it was the act of the foreman that made the arch unsafe, for he ordered the centers to be removed prematurely, and directed the weight upon the arch which aggravated its insecurity. In short, the negligence of the foreman caused the plaintiff's injury. The question upon which the appeal depends is, was the negligence of the foreman the negligence of the defendants? In other words, was the foreman a vice principal, or a servant engaged with the plaintiff in a common employment? In Loughlin v. State, 105 N. Y. 159, 11 N. E. 371, the court of appeals propounds the test for determining the relation of fellow servants in these terms:

"The liability of a master for negligence causing injury to a servant, where the negligence complained of is not the personal act or omission of the master, but of a coservant, turns upon the character of the act or omission. If the coservant whose negligence caused the injury was at the time representing the master in doing the master's duty, the latter is liable. If, on the other hand, the coservant was simply performing the work of a servant, in his character as such, the master is not liable. The fact that the person whose negligence caused the injury was a servant of a higher grade than the one injured, or that the latter was subject to the direction or control of the former, and was engaged at the time in executing his orders, does not take the case out of the general rule, nor make the master liable."

Acc.: Cullen v. Norton, 126 N. Y. 1, 26 N. E. 905; McCosker v. Railroad Co., 84 N. Y. 77; Crispin v. Babbitt, 81 N. Y. 516; Geoghegan v. Steamship Co., (Com. Pl. N. Y.) 22 N. Y. Supp. 749.

The defendants were contractors for the erection of the building. Charles Michael was their general superintendent, having "charge of these different jobs." Henry Froelich was foreman of the men engaged in the construction of the arches,—the particular work in which the plaintiff was employed when he sustained the injury. Froelich first engaged the plaintiff in the service of the defendants; "told me when to work and when to stop; when my services were no longer required, and when they were required; he was the man that would tell me what to do on all these jobs."

Upon the evidence, no personal negligence is imputable to the defendants, and thus the point for decision is whether they be liable for the negligence of the foreman. The question is of difficult and doubtful solution; but, having the advantage, denied to the learned trial judge, of a critical examination of the authorities adduced by counsel, we are enabled to trace accurately the line of analogy between the case at bar and previous adjudications. In Loughlin v. State, Wells was foreman of the men engaged in the work, with power to direct them in the manner of its execution. He put the bank of earth in a dangerous condition, and set the plaintiff to work under it, when it caved in, and crushed him. In McCosker v. Railroad Co., Luke was yard master; the intestate, his assistant,—hired by him, and under his control and supervision. By his order the intestate incurred the peril, and by his negligence was killed. In both cases the men were held to be fellow servants, and the principal absolved from responsibility. This case is, in every essential circumstance, identical with those; and, as our decision must conform to the adjudication of the court of appeals, the inevitable conclusion is that the learned trial judge erred in declining to dismiss the complaint. Geoghegan v. Steamship Co.; Crispin v. Babbitt, supra; McCosker v. Railroad Co., supra. Judgment reversed, and new trial ordered; costs to abide event. All concur.