(12 Misc. Rep. 408.)

JENNINGS v. NEW YORK, N. H. & H. R. CO.

(Common Pleas of New York City and County, General Term.   May 6, 1895.)

MASTER AND SERVANT—WHO ARE FELLOW SERVANTS.
    A yard brakeman and another employé in the same yard, who is charged with the inspection and repair of cars, are not fellow servants.

Appeal from jury term.
Action by Stephen Jennings against the New York, New Haven & Hartford Railroad Company for personal injuries.   From a judgment entered on a verdict in favor of plaintiff for $750, and from an

order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Page & Taft, for appellant.

Lamb, Osborne & Petty, for respondent.

DALY, C. J. The action was for damages for injury to plaintiff's finger, which was crushed between two cars that he was coupling in the freight yards of the defendant at 132d street and the Harlem river. The plaintiff was employed by the defendant as a yard brakeman, and it was his duty to assist in uncoupling cars of trains that arrived in the yard, and in making up trains that were to go out. He was engaged in the latter occupation when he was injured. The injury was caused by a defective drawhead in a car which he was directed to uncouple from another in a train standing upon one of the tracks. To uncouple the cars, he had to pull out a pin in the drawhead which held the link that united the cars, and this was to be done when the coupling was slacked by the backing of the cars by the engine. The collision caused by the backing of the cars forced the drawhead under the car, and caught his finger between the pin and the front of the car platform. It is conceded by appellant that, if the drawhead and its attachments had been in good condition, it would have yielded to the blow of the collision only about an inch or two, and the pin would have been kept a safe distance away from the face of the platform. The car with the defective drawhead had been brought into the yard two days before the accident. The day after its arrival it was inspected, and defects discovered in it, and the car placed upon the "shop track" for repairs. On the day of the accident it had been again placed on the repair track for repairs. There was a regular system for inspection and repair of damaged cars at the yard, but there was no proof that the defect in this drawhead had been examined, although, as again conceded by appellant, "it is certain that, if an inspection had been made in accordance with the rules prescribed, any of the defects alleged by the plaintiff would have been discovered." The car was repaired in some other respects, and then removed from the repair track to the ordinary tracks for use in making up trains. The negligence of the subordinates whose duty it was to inspect and repair the car was thus established. The injury to the plaintiff occurred after the car was returned to the ordinary tracks to be used. No duty devolved upon plaintiff to examine it under such circumstances, for, as conceded further by appellant, "the car is supposed to be in proper condition when it leaves the repair track." If the defect complained of were obvious, the plaintiff would take all risks of using the defective apparatus; but in this case the defective apparatus was under the car, and would be disclosed only upon inspection; and plaintiff was not bound to make such inspection, because, after the car had been returned from the repair track, he had the right to assume that it had been put in order so far as inspection

would disclose defects.   It was his duty, when cars arrived in the yard, to assist in handling them, and to do so with the assumption that they might need repair; and, when so engaged, he would, of course, take all the risks of such employment.   But, after a damaged car had been inspected, repaired, and returned for use to the brakeman as a car in perfect condition, he was relieved from any further duty of inspection or examination with regard to it, and had the right to assume that it was safe to handle.   Unless the duty of examination and inspection of the car in question had been committed to the plaintiff, "he had the right to assume that the master's duty had been performed by those having it in charge, and that the coupling appliances upon the cars were adequate to the performance of its work without extraordinary risk or danger." Goodrich v. Railroad Co., 116 N. Y. 398, 403, 22 N. E. 397.

The chief contention of defendant is that the plaintiff, being engaged in the yard, was a fellow servant of all the employés of defendant there, including those whose duty it was to make inspection and repairs, because the business of the yard was to overhaul the cars, and see that they might be safely handled when they went out on the road; and therefore all persons employed in the yard were engaged in this common purpose.   The same might be said of all persons engaged in operating a train; but where the duty of inspection is imposed upon the conductor by the rules of the company, and is neglected, the brakeman of the train is not precluded from recovering damages caused by such neglect.   Bailey v. Railroad Co., 139 N. Y. 302, 34 N. E. 918.   In the present case the duty of inspection of incoming trains in the freight yard was imposed by the rules of the company upon car inspectors.   Damaged cars were marked, and put in the hands of the chief car repairer, who had a force of operatives under his supervision; and, after repairs are reported as made, the same official makes a thorough personal examination of the cars. The plaintiff, as yard brakeman, had nothing to do with this inspection or the making of repairs ordered, and, when injured, was handling cars returned for use after inspection and repairs, and, it was to be assumed, after the duty of inspection had been fully performed and necessary repairs made.   The duty of inspection and repair was the master's duty, and, although exercised through subordinates, the latter are not the fellow servants of an employé who is not engaged with them in that particular duty.   "The master is never exonerated by the negligent omission of subordinates to perform duties which are imposed upon him in his character as master, resulting in injury to other employés."   Bailey v. Railroad Co., above.   The cases cited by appellant in our court of last resort do not conflict with this view, but, on the contrary, we think, sustain it.   In Gibson v. Railroad Co., 22 Hun, 289 (a case resembling the present in many particulars), it was held that a switchman in the yard and the car inspector were coservants, engaged in a common enterprise, and that the former could not recover for the neglect of the latter in not discovering defects, and sending a defective car out on another train, instead of sending it to the repair shop; and Besel v. Railroad Co., 70 N. Y. 171, was

cited as authority for so holding. But the circumstances were wholly different in the latter case, in which a car repairer was injured by the negligence of a yard master and head brakeman in running a detached car back so as to strike the car in which the injured employé was at work. It was held that the company was not liable, and manifestly so, for the negligent employés were not engaged at the time in the performance of any duty of the master, such as inspection or repairs. It was upon the same principle that McCosker v. Railroad Co., 84 N. Y. 77, was decided, the negligence being that of a yard master in signaling a train back, the court saying: "No duty which the master owed to his servants was being done by the yard master from the negligent performance of which the injury resulted." It is to be plainly inferred from the decisions that, among employés in the company's yard, those not engaged in the performance of any duty imposed by law upon the master are not precluded from recovering for injuries inflicted by the negligence of the subordinates to whom such duty has been delegated by the master. In this case the plaintiff's injury was sustained through neglect of inspection, with which he had nothing to do, and while engaged in handling cars that had been inspected and returned as fit for use. Two other cases relied upon by appellant remain to be noticed. In Byrnes v. Railroad Co., 113 N. Y. 251, 21 N. E. 50, the brakeman of a train was injured in consequence of the improper manner in which a car had been loaded by which the brake became useless. The car and its appliances were in good condition when furnished to be used, and the company was, of course, not liable for the negligent manner in which it had been loaded; the fault not being in the character of the car or its appliances, but in the negligent loading of it. In Arnold v. Canal Co., 125 N. Y. 15, 25 N. E. 1064, a yard brakeman was injured while handling a car with a broken drawhead, to place it upon the "cripple track" for repairs. The defect in the drawhead was obvious, and the plaintiff took the risk of the employment. "One of the purposes of his employment was to handle and remove cars which were disabled, and, if he did not know the condition of the one in question, he was bound to assume that it might be disabled, and govern his action accordingly." In the case before us the plaintiff was not handling cars destined for the repair track, but those which had come from it, and which he had the right to assume had been properly inspected and repaired.

The judgment and order appealed from should be affirmed. All concur.