(13 Misc. Rep. 6.)

### BAGLEY v. CONSOLIDATED GAS CO.

(Common Pleas of New York City and County, General Term.  June 3, 1895.)

NEW TRIAL—MISDIRECTION OF JURY.
> A new trial must be granted when the court misdirects the jury, and such misdirection may have determined the verdict.

(Syllabus by the Court.)

Appeal from trial term.

Action by Cornelius Bagley against the Consolidated Gas Company for personal injuries.  From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals.  Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Daniel Lord, for appellant.

Lorenzo Semple, for respondent.

PRYOR, J.   In an action for negligent injury to the person, these appear to be the circumstances of the accident:   The plaintiff, with other servants of the defendant, was engaged, under the direction of a foreman, in hoisting a heavy tank over the wall of defendant's building.  A scaffold against the wall, obstructing the operation, was partially removed, but a fragment remained, with planks on its top.  Through the omission of the defendant to detach those planks, and through the negligence of the foreman in allowing an unsteady and irregular movement of the tank in the process of elevation, it dislodged the planks, and precipitated them upon the plaintiff, while standing under them in the act of helping to hoist the tank.  The only issue in controversy at the trial was as to the negligence of the defendant.  On the conclusion of the plaintiff's case the defendant moved for a dismissal of the complaint, and the exception to the denial of that motion presents the question whether the case should have gone to the jury.  The immediate cause of plaintiff's injury was the fall of the planks upon his head. The cause of that fall was the irregular movement of the tank in the act of hoisting, and the cause of that irregular movement was the omission of the foreman to block or plank the tank.  The foreman was the fellow servant of the plaintiff (Connolly v. Maurer, 6 Misc. Rep. 98, 26 N. Y. Supp. 18; Geoghegan v. Steamship Co., 3 Misc. Rep. 224, 22 N. Y. Supp. 749, affirmed in the court of appeals); and of course the defendant is not responsible for the negligent hoisting of the tank (Hogan v. Smith, 125 N. Y. 774, 26 N. E. 742). But the planks would not have fallen on the plaintiff had they been removed.   To assist in lifting the tank, he was obliged to stand under the planks; and their fall is proof that their presence was of peril to him.   The plaintiff was not afforded a safe place for the

work required of him.  It is the duty of the master to be careful in providing a safe place of work for the servant, and if he delegate that duty to a servant he is still liable for negligence in its performance.  Fuller v. Jewett, 80 N. Y. 46; Kranz v. Railroad Co., 123 N. Y. 1, 25 N. E. 206; Hankins v. Railroad Co., 142 N. Y. 416, 37 N. E. 466; Benzing v. Steinway, 101 N. Y. 547, 5 N. E. 449.  The insecurity of the place from the superincumbency of the planks was a contributory cause of plaintiff's injury, for it was their fall from their precarious position that was the immediate occasion of his hurt.   Thus the negligence of the master concurred and co-operated with the negligence of the foreman in inflicting plaintiff's injury; and so the defendant might be responsible for the injury.   Stringham v. Stewart, 100 N. Y. 516, 3 N. E. 575; Ellis v. Railroad Co., 95 N. Y. 546.   Connolly v. Maurer, supra, is distinguished from the present case in the circumstances that there no question was made as to the sufficient safety of the place for work, and the injury was sustained by plaintiff's going into a situation of danger by direction of a fellow servant.   Hussey v. Coger, 112 N. Y. 614, 618, 20 N. E. 556.  Here the only place in which the plaintiff could do the master's work was one of insecurity and peril.   We are of opinion that from the evidence the jury might well infer the fact of defendant's negligence, and, that, therefore, the court committed no error in declining to dismiss the complaint, and to direct a verdict for defendant.   Kranz v. Railroad Co., 123 N. Y. 1, 3, 25 N. E. 206.

Since our conclusion proceeds upon the postulate of the defendant's freedom from liability for the negligence in hoisting the tank, and his responsibility, as matter of law, for the perils of the place in which the plaintiff worked, it may be thought that any misdirection of the court as to defendant's liability for the foreman's acts was necessarily of no prejudice to the plaintiff.   No culpability is imputed to the defendant for the foreman's negligence, and upon the proof the jury were authorized to find the defendant responsible for the insecurity of the place in which the plaintiff was working. Still, if by charge, or refusal to charge, the court gave the jury to understand that they might find against the defendant because of its responsibility for the negligence of the foreman in hoisting the tank, we cannot know but that this was the very ground of the verdict; and, if so, such misdirection may have been of mischievous consequence. The court was requested to charge "that the defendant is not responsible to the plaintiff for the result of an accident occurring from the negligence of a fellow servant of the plaintiff," to which the response was, "I charge this purely as a proposition of law, but it has no application, as the injury is alleged to have happened through the negligence of the foreman of the defendant," to which statement the defendant duly excepted.  Again, the defendant asked the court to charge "that the negligence of a fellow servant is not to be imputed to the defendant, even though he be of superior capacity," to which the answer was: "I decline to charge that. It is one of the requests to charge, but it does not apply to this case. If you claim there was some evidence of negligence of the fellow servant, other than the negligence of the foreman, then I will charge

that,"—to which refusal to charge as requested due exception was taken. From the language of the learned judge it is obvious that he did not regard the foreman as the fellow servant of the plaintiff; that he communicated that notion to the jury; that they were given to understand that the defendant was responsible for the negligence of the foreman; and that the verdict may have proceeded, and probably did proceed, upon the negligence of the foreman in hoisting the tank. In fact, the proposition that the defendant was liable for the negligence of the foreman in any particular of the transaction, pervades the charge throughout, and is, indeed, its most conspicuous and impressive feature. With no intimation from the court that the defendant might be held for its negligent omission to protect the plaintiff by the removal of the planks, the jury must have founded their verdict upon the unsteady movement of the tank in the act of hoisting; that is, upon the negligence of the foreman. The judgment should be reversed, with costs to abide the event. All concur.