87 519
39ap137

GUISEPPE MANCUSO, as Administrator, etc., of GENARO TRICARICO, Deceased, Plaintiff, *v.* THE CATARACT CONSTRUCTION COMPANY, Defendant.

*Master and servant — risks assumed — duty to furnish a safe place.*

A servant assumes the ordinary hazards incident to his service including those arising from the negligence of his co-employees, but a master is required to use reasonable care to furnish his servants with a safe place within which to work.

Upon the trial of an action brought to recover damages resulting from the death of the plaintiff, caused by the alleged negligence of the defendant, it appeared that the decedent was employed in the excavation of a pit; that three or four days before the accident a blast of dynamite had been exploded therein, and that the decedent in proceeding to clean out the blast found a block of stone too large for him to move and too hard to break up with his hammer.

He was directed to drill holes in the stone to receive dynamite, and while so drilling an explosion occurred, caused in some manner by his drilling igniting some of the dynamite used for the previous blast which remained unexploded, resulting in his death.

The pit was about ten feet in depth and about eight feet in diameter, and the situation within it was open to view from the surface of the ground above.

*Held*, that the existence of any danger in the performance of the work could not, by the exercise of ordinary care, have been ascertained or apprehended; that the calamity was a casualty from a cause unforeseen, and not within reasonable apprehension; that it was within the hazards incident to the service assumed by the employee, and that a nonsuit was properly directed.

MOTION by the plaintiff, Guiseppe Mancuso, as administrator, etc., of Genaro Tricarico, deceased, for a new trial on a case containing exceptions, ordered to be heard at the General Term in the first instance, upon the granting of the defendant's motion for a nonsuit at the Niagara Circuit on the 3d day of May, 1894.

*Charles Oishei*, for the plaintiff.

*Ely & Dudley* and *Morris Cohn, Jr.*, for the defendant.

BRADLEY, J. :

The plaintiff's intestate, while engaged as employee of the defendant in a pit which was being excavated, was killed by an explosion. The plaintiff charges that the death was occasioned by the negligence of the defendant.

The defendant's method of making the pit was to take off the earth from the surface down to the rock, then with steam apparatus drill holes to the depth of several feet, insert dynamite cartridges, and by their explosion break up the rock. The explosion in the pit in question had taken place three or four days before the accident.

The plaintiff's intestate and another employee were directed by the foreman of the work to go into the pit and take out the broken stone. In proceeding to clean it out they found a block of stone too large for them to move and too hard to break up with their hammers. They were then directed to drill three holes into it to receive dynamite. They drilled two holes about ten inches in depth and were proceeding to drill the third one and had gone to the depth of about six inches when the explosion occurred causing the death of the plaintiff's intestate, but, so far as appears, without injur-

ing his comrade in the work. The explosion was in some manner caused by the operation of their drilling, and it is evident that some of the dynamite used for the blast a few days previous remained unexploded. But it does not appear to have been attributable to the negligence of the defendant.

There is no evidence tending to prove that the apparatus or machinery by the means of which the previous blast was produced was in any respect defective or unsuitable for the purpose. The only question is whether the defendant is chargeable with negligence as for failure to furnish the plaintiff's intestate with a safe place to work. It is the general rule that the master is required to use reasonable care in that respect.

Before those workmen proceeded to drill they cleaned off the stone upon which they operated. Nothing was then visible to indicate that there was any dynamite there or any place for it in the stone on which they were at work. Nor does there seem to have been any reasonable ground for apprehension that there was any. It is urged that no inspection followed the prior explosion to ascertain whether any dynamite remained unexploded in the pit. That, certainly, was a prudent, precautionary thing to do, and the evidence on that subject is very vague and too uncertain to show that it was not done. But, however that may be, the decedent was one of the several employees engaged generally in the work of making the pits. The details of the service were under the management of the defendant's foreman who directed the distribution of the work amongst the workmen employed. He was their co-employee. They assumed the ordinary hazards incident to the service, including those arising from his negligence as such co-employee. (*Loughlin* v. *Sttate of New York*, 105 N. Y. 159; *Hussey* v. *Coger*, 112 id. 614; *Cullen* v. *Norton*, 126 id. 1.)

The pit was about ten feet in depth and about eight feet in diameter. The situation within it was open to view from the surface of the ground above. It may, however, be assumed that if there had been any reasonable ground to apprehend danger in the performance of the work assigned to the decedent in the hole or pit the question would have arisen whether by the direction to go in there and do the work the foreman may not have been placed in the rela-

tion of master to him. (*Crispin* v. *Babbitt*, 81 N. Y. 516; *Pant-zar* v. *Tilly Foster Mining Co.*, 99 id. 368; *McGovern* v. *C. V. R. R. Co.*, 123 id. 280; *Hogan* v. *Smith*, 125 id. 774.)

So far as the facts are disclosed by the evidence the existence of any danger, in the performance of the work where and at the place in which the decedent was at the time engaged, could not by the exercise of ordinary care have been ascertained or apprehended. And in view of all the circumstances as they appear by the evidence the calamity seems to have been a casualty from a cause unforeseen and not within reasonable apprehension. It was within the hazards incident to the service assumed by the employee. The nonsuit was, therefore, properly directed.

The motion for a new trial should be denied.

LEWIS and WARD, JJ., concurred.

Motion for a new trial denied and judgment directed for the defendant on the nonsuit.