words, 'together with my farm,' are independent of the rest of the sentence, and the word, 'together' is employed to annex the farm to the residue of the personal property. This examination leads to the conclusion that the legacies are not a charge upon the land, and that determination does not convict the testator of the inconsistency of giving legacies without making provision for their payment. He had reason to believe that his personal property would be sufficient for that purpose. It does not appear that he owed any debts, and if the promissory note which he held against his son had been collected by his executors, as he directed, his personal property would have fallen but little short of paying the legacies. This conclusion is in accordance with the general rule that the personal property is the primary fund for the payment of legacies, and it is the only fund, unless an intention, expressed or implied, can be collected from the will in connection with the circumstances surrounding the testator at the time of the execution of the will. Unforeseen circumstances occurring subsequent to the execution of the will may not avail to show a different intention. Bevan v. Cooper, supra; Morris v. Sickly, 133 N. Y. 456, 31 N. E. 332. Judgment must be entered in favor of the defendants dismissing the plaintiff's complaint, with costs to the defendant J. Irving Purdy. No allowance. Let findings be prepared in accordance with this opinion."

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

A. J. Adams, for appellant.
A. S. Tompkins, for respondent.

PER CURIAM. Judgment affirmed, with costs, on opinion of DYKMAN, J., at special term.

---

(39 App. Div. 133.)

### HUTCHINSON v. CHARLES F. PARKER & CO.

(Supreme Court, Appellate Division, Fourth Department. March 22, 1899.)

1. MASTER AND SERVANT—ASSUMPTION OF RISK.
    A laborer employed in leveling the bottom of a canal after it has been blasted, who knows that charges used in the blasting are often left unexploded, assumes the risk of injury from an explosion of such a charge.

2. SAME—FELLOW SERVANT.
    A laborer employed in leveling the bottom of a canal after it has been blasted cannot recover for injuries resulting from the negligence of a fellow laborer in striking with his pick a charge which had been left unexploded.

    Follett, J., dissenting.

Action by Richard F. Hutchinson against Charles F. Parker & Co. At a trial term, at the close of the evidence, on motion of the defendant, a verdict was directed of "no cause of action" for the defendant, to which the plaintiff took an exception; and plaintiff formulated numerous questions on which he asked to go to the jury. The requests were denied, and the plaintiff took an exception. The trial court ordered the exceptions to be heard before this court in the first instance, and granted a stay of proceedings, and the plaintiff now comes and moves for a new trial. Exceptions overruled.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, and McLENNAN, JJ.

D. E. Brong, for the motion.
A. K. Potter, opposed.

HARDIN, P. J. Defendant, a foreign corporation, on the 19th day of February, 1897, was engaged in deepening a section of the Erie Canal at the city of Lockport, and in the course of the work thus being carried on by the defendant, for the purpose of breaking and shattering the rock in the bottom of the canal, so as to render the same portable, the defendant used powerful explosives, consisting principally of dynamite in the form of cartridges, large numbers of which were inserted in holes drilled in said rock for that purpose, and were calculated to be exploded at one and the same time by means of an electric current connected with such cartridges. The plaintiff, on that day, was a laborer in the employ of the defendant. The plaintiff was attached to, and at work in what is known as, the "grading gang." The business of that gang was to follow the mucking gang, and clear and grade the surface after the explosion had taken place and the mucking gang had passed along, and finish up the work to be performed on the part of the canal where the explosion had taken place. Next to and at work with the plaintiff was one Baxter. They were "working and talking together. Baxter was using the pick and I [plaintiff] was using the shovel." There was evidence tending to show that there was no other person using a pick near the hole but Baxter, and that he and the plaintiff were right over the hole, and that by a blow delivered to an unexploded cartridge an explosion was produced, which resulted in killing Baxter and doing to the plaintiff the injuries for which he complains in this action. Plaintiff, in his request to go to the jury, made a statement of eight propositions, which appear in the case at page 200 et seq. The trial judge was informed that a prior action, brought by the administratrix of Baxter against the same defendant, had been tried, and a motion made in that action for a new trial after the plaintiff had received a verdict, and that upon the determination of that motion an opinion had been prepared by the judge before whom the cause was tried, which was to the effect that the plaintiff in that case was not entitled to recover; and the reasons stated in that opinion are very applicable to most of the questions presented in the case now before us, and that opinion, so far as it relates to the questions involved here, is deemed satisfactory. [1]

It is contended in behalf of the plaintiff, however, that the evidence in this case relating to the competency of Banks, the superintendent, and to the alleged intemperate habits of Leonard, and as to the character of some of the materials furnished by the defendant in respect to the blasting of rock, present questions which were not in that case. Upon a careful reading of the evidence in this case it is not apparent that there was any incompetency on the part of Banks or Leonard which produced, or tended to produce, the injuries of which the plaintiff complains. The evidence indicates that the plaintiff knew that it was not an uncommon thing for some of the holes prepared for dynamite to remain with the unexploded dynamite therein after the use of the battery in discharge of the dynamite that had been set in the numerous holes; and the evidence indicates that the plaintiff was aware of the dangerous nature and character of dynamite, and the necessity of being cautious in approaching the

---

[1] See Baxter's Adm'x v. Charles F. Parker & Co., 58 N. Y. Supp. 190.

unexploded holes. If the plaintiff and Baxter had been more vigilant and cautious in approaching the place where there was unexploded dynamite, the injury of which the plaintiff complains would not have occurred. The evidence tends strongly to show that Baxter was careless and negligent in that regard. Such carelessness and negligence was that of a co-employé which apparently produced the injuries of which the plaintiff complains. The plaintiff had knowledge of the dangerous character of the explosives that were being used, and he had the means of knowing the dangers incident to the nondischarge when the battery was used, and it is quite apparent, therefore, that he assumed certain risks thereby. Crown v. Orr, 140 N. Y. 452, 35 N. E. 648. The fatal blow was struck by Baxter which caused the discharge of the unexploded dynamite, and that blow was struck and produced the discharge by reason of the careless act of Baxter. Baxter was a fellow servant of the plaintiff, and, his negligence being the proximate and immediate cause of the plaintiff's injuries, the plaintiff is not in a situation to recover of the defendant. Murphy v. Railroad Co., 88 N. Y. 146; Laidlaw v. Sage, 158 N. Y. 73, 52 N. E. 679.

The learned counsel for the plaintiff calls attention to Kranz v. Railway Co., 123 N. Y. 1, 25 N. E. 206. We think that case differs from the one in hand. There a trench was opened for the purpose of receiving laborers, and the intestate occupied that trench by direction of the defendant or its servants; and, as that trench was not so constructed as to be safe, it was held that the intestate had a right to assume that it had been made safe, and that whether the defendant, upon the facts disclosed in that case, had been guilty of negligence, was a question of fact, which should have been submitted to the jury. The evidence in this case would not warrant a finding that the defendant had not exercised such care and caution as a prudent man would take for the safety and protection of his own person. Kuhn v. Railroad Co., 77 Hun, 389, 28 N. Y. Supp. 883; Scherer v. Manufacturing Co., 86 Hun, 37, 33 N. Y. Supp. 205. The plaintiff knew he was in a hazardous business, and, had he exercised greater care and caution, it is quite apparent that the injuries which he received might have been avoided. As we have before said, he assumed such risk as was fairly incident to the business in which he was engaged. Crown v. Orr, 140 N. Y. 450, 35 N. E. 648; Huda v. Glucose Co., 154 N. Y. 479, 48 N. E. 897; Knisley v. Pratt, 148 N. Y. 372, 42 N. E. 986; Graves v. Brewer, 4 App. Div. 330, 38 N. Y. Supp. 566; Renninger v. Railroad Co., 11 App. Div. 568, 42 N. Y. Supp. 813.

Plaintiff's exceptions overruled, and motion for a new trial denied, with costs, and judgment ordered for the defendant on the verdict, with costs.

ADAMS and McLENNAN, JJ., concur. FOLLETT, J., dissents.